# NOTICE OF REMOVAL

# EXHIBIT A
## Part 3 of 5

# SUMMONS

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS

ALAN HELMAN; MARJORIE HELMAN;
LEPONT PALM BEACH, LLC;
MAURICE KASPY; LIBORIO PIAZZA;
TROY HAMMOND; and TIMOTHY AKER,

                          Plaintiffs,

     vs.

MARRIOTT INTERNATIONAL, INC., a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LLC, a Delaware corporation;
RC HOTELS (VIRGIN ISLANDS), INC., a U.S.
Virgin Islands corporation; THE RITZ-CARLTON
CLUB, ST. THOMAS, INC., a U.S. Virgin Islands
corporation; RC ST. THOMAS, LLC, a U.S. Virgin
Islands limited liability company; MARRIOTT
VACATIONS WORLDWIDE CORPORATION, a
Delaware corporation; MARRIOTT OWNERSHIP
RESORTS, INC., a Delaware corporation; RITZ-
CARLTON MANAGEMENT COMPANY, LLC, a
Delaware limited liability company; THE RITZ-
CARLTON DEVELOPMENT COMPANY, INC., a
Delaware corporation; COBALT TRAVEL
COMPANY, LLC, INC., a Delaware limited liability
company; THE LION & CROWN TRAVEL CO.,
LLC, a Delaware limited liability company;
the NORTH AMERICAN TRUST, a land trust
organized under Florida law; and DOES 1-50,

                          Defendants.

**ST-19-CV-36**

**COMPLEX CASE DIVISION**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
19 FEB -5 PM 4: 35
SUPERIOR COURT

TO:   **RITZ-CARLTON MANAGEMENT CO., LLC,** *a Delaware LLC*
        THE PRENTICE-HALL CORPORATION SYSTEM, INC.
        251 LITTLE FALLS DRIVE
        WILMINGTON, DE 19808

      Pursuant to 5 V.I.C. § 4911 and within the time limited by law pursuant to V.I. CIV. P.
RULE 4 *Summons and Service of Process* and RULE 12(A). *(a) Time to Serve a Responsive
Pleading* (see page 2) you are hereby required to appear before this Court and answer to a
complaint filed against you in this action and in case of your failure to appear or answer,
judgment by default will be taken against you as demanded in the complaint, for damages.

WITNESS MY HAND AND THE SEAL OF THIS COURT THIS 5ᵗʰ DAY OF FEBRUARY 2019.

**ESTRELLA H. GEORGE**
Clerk of the Court

J. RUSSELL B. PATE, ESQ.
The Pate Law Firm
P.O. Box 890, St. Thomas, USVI 00804
340.777.7283 Office
888.889.1132 Fax
Pate@SunLawVI.com
SunLawVI@gmail.com
V.I. Bar No: 1124

By: _____
                Deputy

**NOTE:** The defendant, if served personally, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the plaintiff's attorney within twenty-one (21) days after service of this summons, excluding the date of service. The defendant, if served by publication or be personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

**V.I. Civ. Pro. Rule 12.**
*DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING*
(a) Time to Serve a Responsive Pleading.
　　(1) In General. Unless another time is specified by this rule or a statute of the Virgin Islands, the time for serving a responsive pleading is as follows:
　　　　(A) A defendant served with the summons and complaint within the Virgin Islands must serve a responsive pleading within 21 days after being served.
　　　　[...]
　　　　(C) A defendant served [...] by summons and complaint by mail requiring a return receipt [...] within 30 days from the date the defendant received the process.

# SUMMONS

### IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS

ALAN HELMAN; MARJORIE HELMAN;
LEPONT PALM BEACH, LLC;
MAURICE KASPY; LIBORIO PIAZZA;
TROY HAMMOND; and TIMOTHY AKER,

                    Plaintiffs,

    vs.

MARRIOTT INTERNATIONAL, INC., a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LLC, a Delaware corporation;
RC HOTELS (VIRGIN ISLANDS), INC., a U.S.
Virgin Islands corporation; THE RITZ-CARLTON
CLUB, ST. THOMAS, INC., a U.S. Virgin Islands
corporation; RC ST. THOMAS, LLC, a U.S. Virgin
Islands limited liability company; MARRIOTT
VACATIONS WORLDWIDE CORPORATION, a
Delaware corporation; MARRIOTT OWNERSHIP
RESORTS, INC., a Delaware corporation; RITZ-
CARLTON MANAGEMENT COMPANY, LLC, a
Delaware limited liability company; THE RITZ-
CARLTON DEVELOPMENT COMPANY, INC., a
Delaware corporation; COBALT TRAVEL
COMPANY, LLC, INC., a Delaware limited liability
company; THE LION & CROWN TRAVEL CO.,
LLC, a Delaware limited liability company;
the NORTH AMERICAN TRUST, a land trust
organized under Florida law; and DOES 1-50,

                    Defendants.

**ST-19-CV-36**

**COMPLEX CASE DIVISION**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
19 FEB -5 PM 4: 36
SUPERIOR COURT

**TO:   THE RITZ-CARLTON HOTEL COMPANY, LLC**, *a Delaware corporation*;
THE CORPORATION TRUST COMPANY
1209 ORANGE ST.
WILMINGTON, DE 19801

Pursuant to 5 V.I.C. § 4911 and within the time limited by law pursuant to V.I. CIV. P.
RULE 4 *Summons and Service of Process* and RULE 12(A). *(a) Time to Serve a Responsive
Pleading* (see page 2) you are hereby required to appear before this Court and answer to a
complaint filed against you in this action and in case of your failure to appear or answer,
judgment by default will be taken against you as demanded in the complaint, for damages.

WITNESS MY HAND AND THE SEAL OF THIS COURT THIS ___5th__ DAY OF FEBRUARY 2019.

**ESTRELLA H. GEORGE**
Clerk of the Court

By: _____
　　　　　　　　　Deputy

J. RUSSELL B. PATE, ESQ.
The Pate Law Firm
P.O. Box 890, St. Thomas, USVI 00804
340.777.7283 Office
888.889.1132 Fax
Pate@SunLawVI.com
SunLawVI@gmail.com
V.I. Bar No: 1124

**NOTE:** The defendant, if served personally, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the plaintiff's attorney within twenty-one (21) days after service of this summons, excluding the date of service. The defendant, if served by publication or be personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

**V.I. Civ. Pro. Rule 12.**
*DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING*
(a) Time to Serve a Responsive Pleading.
　　(1) In General. Unless another time is specified by this rule or a statute of the Virgin Islands, the time for serving a responsive pleading is as follows:
　　　　(A) A defendant served with the summons and complaint within the Virgin Islands must serve a responsive pleading within 21 days after being served.
　　　　[…]
　　　　(C) A defendant served […] by summons and complaint by mail requiring a return receipt […] within 30 days from the date the defendant received the process.

# SUMMONS

### IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS

ALAN HELMAN; MARJORIE HELMAN;
LEPONT PALM BEACH, LLC;
MAURICE KASPY; LIBORIO PIAZZA;
TROY HAMMOND; and TIMOTHY AKER,

Plaintiffs,

vs.

MARRIOTT INTERNATIONAL, INC., a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LLC, a Delaware corporation;
RC HOTELS (VIRGIN ISLANDS), INC., a U.S.
Virgin Islands corporation; THE RITZ-CARLTON
CLUB, ST. THOMAS, INC., a U.S. Virgin Islands
corporation; RC ST. THOMAS, LLC, a U.S. Virgin
Islands limited liability company; MARRIOTT
VACATIONS WORLDWIDE CORPORATION, a
Delaware corporation; MARRIOTT OWNERSHIP
RESORTS, INC., a Delaware corporation; RITZ-
CARLTON MANAGEMENT COMPANY, LLC, a
Delaware limited liability company; THE RITZ-
CARLTON DEVELOPMENT COMPANY, INC., a
Delaware corporation; COBALT TRAVEL
COMPANY, LLC, INC., a Delaware limited liability
company; THE LION & CROWN TRAVEL CO.,
LLC, a Delaware limited liability company;
the NORTH AMERICAN TRUST, a land trust
organized under Florida law; and DOES 1-50,

Defendants.

ST-19-CV-36

COMPLEX CASE DIVISION

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

RECEIVED
19 FEB -5 PM 4:36
SUPERIOR COURT

TO:   **THE LION & CROWN TRAVEL CO., LLC,** *a Delaware LLC*
      THE PRENTICE-HALL CORPORATION SYSTEM, INC.
      251 LITTLE FALLS DRIVE
      WILMINGTON, DE 19808

Pursuant to 5 V.I.C. § 4911 and within the time limited by law pursuant to V.I. CIV. P.
RULE 4 *Summons and Service of Process* and RULE 12(A). *(a) Time to Serve a Responsive
Pleading* (see page 2) you are hereby required to appear before this Court and answer to a
complaint filed against you in this action and in case of your failure to appear or answer,
judgment by default will be taken against you as demanded in the complaint, for damages.

WITNESS MY HAND AND THE SEAL OF THIS COURT THIS 5th DAY OF FEBRUARY 2019.

ESTRELLA H. GEORGE
Clerk of the Court

By: _____
Deputy

J. RUSSELL B. PATE, ESQ.
The Pate Law Firm
P.O. Box 890, St. Thomas, USVI 00804
340.777.7283 Office
888.889.1132 Fax
Pate@SunLawVI.com
SunLawVI@gmail.com
V.I. Bar No: 1124

**NOTE:** The defendant, if served personally, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the plaintiff's attorney within twenty-one (21) days after service of this summons, excluding the date of service. The defendant, if served by publication or be personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

**V.I. Civ. Pro. Rule 12.**
*DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING*
(a) Time to Serve a Responsive Pleading.
   (1) In General. Unless another time is specified by this rule or a statute of the Virgin Islands, the time for serving a responsive pleading is as follows:
      (A) A defendant served with the summons and complaint within the Virgin Islands must serve a responsive pleading within 21 days after being served.
      [...]
      (C) A defendant served [...] by summons and complaint by mail requiring a return receipt [...] within 30 days from the date the defendant received the process.

# SUMMONS

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS

ALAN HELMAN; MARJORIE HELMAN;
LEPONT PALM BEACH, LLC;
MAURICE KASPY; LIBORIO PIAZZA;
TROY HAMMOND; and TIMOTHY AKER,

              Plaintiffs,

    vs.

MARRIOTT INTERNATIONAL, INC., a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LLC, a Delaware corporation;
RC HOTELS (VIRGIN ISLANDS), INC., a U.S.
Virgin Islands corporation; THE RITZ-CARLTON
CLUB, ST. THOMAS, INC., a U.S. Virgin Islands
corporation; RC ST. THOMAS, LLC, a U.S. Virgin
Islands limited liability company; MARRIOTT
VACATIONS WORLDWIDE CORPORATION, a
Delaware corporation; MARRIOTT OWNERSHIP
RESORTS, INC., a Delaware corporation; RITZ-
CARLTON MANAGEMENT COMPANY, LLC, a
Delaware limited liability company; THE RITZ-
CARLTON DEVELOPMENT COMPANY, INC., a
Delaware corporation; COBALT TRAVEL
COMPANY, LLC, INC., a Delaware limited liability
company; THE LION & CROWN TRAVEL CO.,
LLC, a Delaware limited liability company;
the NORTH AMERICAN TRUST, a land trust
organized under Florida law; and DOES 1-50,

              Defendants.

ST-19-CV-36

COMPLEX CASE DIVISION

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

RECEIVED
19 FEB -5 PM 4:35
SUPERIOR COURT

TO:  **COBALT TRAVEL COMPANY, LLC, INC.,** *a Delaware LLC*
      THE PRENTICE-HALL CORPORATION SYSTEM, INC.
      251 LITTLE FALLS DRIVE
      WILMINGTON, DE 19808

Pursuant to 5 V.I.C. § 4911 and within the time limited by law pursuant to V.I. CIV. P.
RULE 4 *Summons and Service of Process* and RULE 12(A). *(a) Time to Serve a Responsive
Pleading* (see page 2) you are hereby required to appear before this Court and answer to a
complaint filed against you in this action and in case of your failure to appear or answer,
judgment by default will be taken against you as demanded in the complaint, for damages.

WITNESS MY HAND AND THE SEAL OF THIS COURT THIS 5th DAY OF FEBRUARY 2019.

**ESTRELLA H. GEORGE**
Clerk of the Court

J. RUSSELL B. PATE, ESQ.
The Pate Law Firm
P.O. Box 890, St. Thomas, USVI 00804
340.777.7283 Office
888.889.1132 Fax
Pate@SunLawVI.com
SunLawVI@gmail.com
V.I. Bar No: 1124

By: _____
Deputy

**NOTE:** The defendant, if served personally, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the plaintiff's attorney within twenty-one (21) days after service of this summons, excluding the date of service. The defendant, if served by publication or be personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

**V.I. Civ. Pro. Rule 12.**
*DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING*
(a) Time to Serve a Responsive Pleading.
    (1) In General. Unless another time is specified by this rule or a statute of the Virgin Islands, the time for serving a responsive pleading is as follows:
        (A) A defendant served with the summons and complaint within the Virgin Islands must serve a responsive pleading within 21 days after being served.
        […]
        (C) A defendant served […] by summons and complaint by mail requiring a return receipt […] within 30 days from the date the defendant received the process.



# SUMMONS

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS

ALAN HELMAN; MARJORIE HELMAN;
LEPONT PALM BEACH, LLC;
MAURICE KASPY; LIBORIO PIAZZA;
TROY HAMMOND; and TIMOTHY AKER,

                          Plaintiffs,

   vs.

MARRIOTT INTERNATIONAL, INC., a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LLC, a Delaware corporation;
RC HOTELS (VIRGIN ISLANDS), INC., a U.S.
Virgin Islands corporation; THE RITZ-CARLTON
CLUB, ST. THOMAS, INC., a U.S. Virgin Islands
corporation; RC ST. THOMAS, LLC, a U.S. Virgin
Islands limited liability company; MARRIOTT
VACATIONS WORLDWIDE CORPORATION, a
Delaware corporation; MARRIOTT OWNERSHIP
RESORTS, INC., a Delaware corporation; RITZ-
CARLTON MANAGEMENT COMPANY, LLC, a
Delaware limited liability company; THE RITZ-
CARLTON DEVELOPMENT COMPANY, INC., a
Delaware corporation; COBALT TRAVEL
COMPANY, LLC, INC., a Delaware limited liability
company; THE LION & CROWN TRAVEL CO.,
LLC, a Delaware limited liability company;
the NORTH AMERICAN TRUST, a land trust
organized under Florida law; and DOES 1-50,

                          Defendants.

**ST-19-CV-36**

**COMPLEX CASE DIVISION**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**



TO:   **MARRIOTT INTERNATIONAL, INC.,** *a Delaware Corp.*
      THE CORPORATION TRUST COMPANY
      1209 ORANGE ST.
      WILMINGTON, DE 19801

      Pursuant to 5 V.I.C. § 4911 and within the time limited by law pursuant to V.I. CIV. P.
RULE 4 *Summons and Service of Process* and RULE 12(A). *(a) Time to Serve a Responsive
Pleading* (see page 2) you are hereby required to appear before this Court and answer to a
complaint filed against you in this action and in case of your failure to appear or answer,
judgment by default will be taken against you as demanded in the complaint, for damages.

WITNESS MY HAND AND THE SEAL OF THIS COURT THIS _5th_ DAY OF FEBRUARY 2019.

**ESTRELLA H. GEORGE**
Clerk of the Court

By: _____
Deputy

J. RUSSELL B. PATE, ESQ.
The Pate Law Firm
P.O. Box 890, St. Thomas, USVI 00804
340.777.7283 Office
888.889.1132 Fax
Pate@SunLawVI.com
SunLawVI@gmail.com
V.I. Bar No: 1124

**NOTE:** The defendant, if served personally, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the plaintiff's attorney within twenty-one (21) days after service of this summons, excluding the date of service. The defendant, if served by publication or be personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

**V.I. Civ. Pro. Rule 12.**
*DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING*
(a) Time to Serve a Responsive Pleading.
    (1) In General. Unless another time is specified by this rule or a statute of the Virgin Islands, the time for serving a responsive pleading is as follows:
        (A) A defendant served with the summons and complaint within the Virgin Islands must serve a responsive pleading within 21 days after being served.
        […]
        (C) A defendant served […] by summons and complaint by mail requiring a return receipt […] within 30 days from the date the defendant received the process.

# SUMMONS

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS

ALAN HELMAN; MARJORIE HELMAN;
LEPONT PALM BEACH, LLC;
MAURICE KASPY; LIBORIO PIAZZA;
TROY HAMMOND; and TIMOTHY AKER,

                     Plaintiffs,

    vs.

MARRIOTT INTERNATIONAL, INC., a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LLC, a Delaware corporation;
RC HOTELS (VIRGIN ISLANDS), INC., a U.S.
Virgin Islands corporation; THE RITZ-CARLTON
CLUB, ST. THOMAS, INC., a U.S. Virgin Islands
corporation; RC ST. THOMAS, LLC, a U.S. Virgin
Islands limited liability company; MARRIOTT
VACATIONS WORLDWIDE CORPORATION, a
Delaware corporation; MARRIOTT OWNERSHIP
RESORTS, INC., a Delaware corporation; RITZ-
CARLTON MANAGEMENT COMPANY, LLC, a
Delaware limited liability company; THE RITZ-
CARLTON DEVELOPMENT COMPANY, INC., a
Delaware corporation; COBALT TRAVEL
COMPANY, LLC, INC., a Delaware limited liability
company; THE LION & CROWN TRAVEL CO.,
LLC, a Delaware limited liability company;
the NORTH AMERICAN TRUST, a land trust
organized under Florida law; and DOES 1-50,

                 Defendants.

**ST-19-CV-36**

**COMPLEX CASE DIVISION**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
19 FEB -5 PM 4:36
SUPERIOR COURT

**TO:   MARRIOTT OWNERSHIP RESORTS, INC.,** *a Delaware corporation;*
       THE PRENTICE-HALL CORPORATION SYSTEM, INC.
       251 LITTLE FALLS DRIVE
       WILMINGTON, DE 19808

Pursuant to 5 V.I.C. § 4911 and within the time limited by law pursuant to V.I. CIV. P. RULE 4 *Summons and Service of Process* and RULE 12(A). *(a) Time to Serve a Responsive Pleading* (see page 2) you are hereby required to appear before this Court and answer to a complaint filed against you in this action and in case of your failure to appear or answer, judgment by default will be taken against you as demanded in the complaint, for damages.

WITNESS MY HAND AND THE SEAL OF THIS COURT THIS _5ʳᵏ_ DAY OF FEBRUARY 2019.

**ESTRELLA H. GEORGE**
Clerk of the Court

By: _Geralnie Fedee_
Deputy

J. RUSSELL B. PATE, ESQ.
The Pate Law Firm
P.O. Box 890, St. Thomas, USVI 00804
340.777.7283 Office
888.889.1132 Fax
Pate@SunLawVI.com
SunLawVI@gmail.com
V.I. Bar No: 1124

**NOTE:** The defendant, if served personally, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the plaintiff's attorney within twenty-one (21) days after service of this summons, excluding the date of service. The defendant, if served by publication or be personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

**V.I. Civ. Pro. Rule 12.**
*DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING*
(a) Time to Serve a Responsive Pleading.
(1) In General. Unless another time is specified by this rule or a statute of the Virgin Islands, the time for serving a responsive pleading is as follows:
(A) A defendant served with the summons and complaint within the Virgin Islands must serve a responsive pleading within 21 days after being served.
[…]
(C) A defendant served […] by summons and complaint by mail requiring a return receipt […] within 30 days from the date the defendant received the process.

# SUMMONS

### IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS

ALAN HELMAN; MARJORIE HELMAN;
LEPONT PALM BEACH, LLC;
MAURICE KASPY; LIBORIO PIAZZA;
TROY HAMMOND; and TIMOTHY AKER,

                                Plaintiffs,

    vs.

MARRIOTT INTERNATIONAL, INC., a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LLC, a Delaware corporation;
RC HOTELS (VIRGIN ISLANDS), INC., a U.S.
Virgin Islands corporation; THE RITZ-CARLTON
CLUB, ST. THOMAS, INC., a U.S. Virgin Islands
corporation; RC ST. THOMAS, LLC, a U.S. Virgin
Islands limited liability company; MARRIOTT
VACATIONS WORLDWIDE CORPORATION, a
Delaware corporation; MARRIOTT OWNERSHIP
RESORTS, INC., a Delaware corporation; RITZ-
CARLTON MANAGEMENT COMPANY, LLC, a
Delaware limited liability company; THE RITZ-
CARLTON DEVELOPMENT COMPANY, INC., a
Delaware corporation; COBALT TRAVEL
COMPANY, LLC, INC., a Delaware limited liability
company; THE LION & CROWN TRAVEL CO.,
LLC, a Delaware limited liability company;
the NORTH AMERICAN TRUST, a land trust
organized under Florida law; and DOES 1-50,

                            Defendants.

**ST-19-CV-36**

**COMPLEX CASE DIVISION**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
19 FEB -5 PM 4: 36
SUPERIOR COURT

TO:   **MARRIOTT VACATIONS WORLDWIDE CORP.,** *a Delaware corporation*;
        CORPORATION SERVICE COMPANY
        251 LITTLE FALLS DRIVE
        WILMINGTON, DE  19808

       Pursuant to 5 V.I.C. § 4911 and within the time limited by law pursuant to V.I. Civ. P.
Rule 4 *Summons and Service of Process* and Rule 12(A). *(a) Time to Serve a Responsive
Pleading* (see page 2) you are hereby required to appear before this Court and answer to a
complaint filed against you in this action and in case of your failure to appear or answer,
judgment by default will be taken against you as demanded in the complaint, for damages.

WITNESS MY HAND AND THE SEAL OF THIS COURT THIS 5ᵗʰ DAY OF FEBRUARY 2019.

**ESTRELLA H. GEORGE**
Clerk of the Court

By: _Suranne Ledee_
Deputy

J. RUSSELL B. PATE, ESQ.
The Pate Law Firm
P.O. Box 890, St. Thomas, USVI 00804
340.777.7283 Office
888.889.1132 Fax
Pate@SunLawVI.com
SunLawVI@gmail.com
V.I. Bar No: 1124

**NOTE:** The defendant, if served personally, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the plaintiff's attorney within twenty-one (21) days after service of this summons, excluding the date of service. The defendant, if served by publication or be personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

**V.I. Civ. Pro. Rule 12.**
*DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING*
(a) Time to Serve a Responsive Pleading.
    (1) In General. Unless another time is specified by this rule or a statute of the Virgin Islands, the time for serving a responsive pleading is as follows:
        (A) A defendant served with the summons and complaint within the Virgin Islands must serve a responsive pleading within 21 days after being served.
        […]
        (C) A defendant served […] by summons and complaint by mail requiring a return receipt […] within 30 days from the date the defendant received the process.

# SUMMONS

### IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS

ALAN HELMAN; MARJORIE HELMAN;
LEPONT PALM BEACH, LLC;
MAURICE KASPY; LIBORIO PIAZZA;
TROY HAMMOND; and TIMOTHY AKER,

|  |  |
|---|---|
| | **ST-19-CV-36** |
| Plaintiffs, | **COMPLEX CASE DIVISION** |
| vs. | **CLASS ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |

MARRIOTT INTERNATIONAL, INC., a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LLC, a Delaware corporation;
RC HOTELS (VIRGIN ISLANDS), INC., a U.S.
Virgin Islands corporation; THE RITZ-CARLTON
CLUB, ST. THOMAS, INC., a U.S. Virgin Islands
corporation; RC ST. THOMAS, LLC, a U.S. Virgin
Islands limited liability company; MARRIOTT
VACATIONS WORLDWIDE CORPORATION, a
Delaware corporation; MARRIOTT OWNERSHIP
RESORTS, INC., a Delaware corporation; RITZ-
CARLTON MANAGEMENT COMPANY, LLC, a
Delaware limited liability company; THE RITZ-
CARLTON DEVELOPMENT COMPANY, INC., a
Delaware corporation; COBALT TRAVEL
COMPANY, LLC, INC., a Delaware limited liability
company; THE LION & CROWN TRAVEL CO.,
LLC, a Delaware limited liability company;
the NORTH AMERICAN TRUST, a land trust
organized under Florida law; and DOES 1-50,

Defendants.

**TO:   THE RITZ-CARLTON CLUB, ST. THOMAS, INC**
**Resident Agent: The Prentice-Hall Corporation System, Inc.**
**St. Thomas, U.S. Virgin Islands 00802**

Pursuant to 5 V.I.C. § 4911 and within the time limited by law pursuant to V.I. CIV. P.
RULE 4 *Summons and Service of Process* and RULE 12(A). *(a) Time to Serve a Responsive
Pleading* (see page 2) you are hereby required to appear before this Court and answer to a
complaint filed against you in this action and in case of your failure to appear or answer,
judgment by default will be taken against you as demanded in the complaint, for damages.

WITNESS MY HAND AND THE SEAL OF THIS COURT THIS 6th DAY OF FEBRUARY 2019.

**ESTRELLA H. GEORGE**
Clerk of the Court

By _____
Deputy

J. RUSSELL B. PATE, ESQ.
The Pate Law Firm
P.O. Box 890, St. Thomas, USVI 00804
340.777.7283 Office
888.889.1132 Fax
Pate@SunLawVI.com
SunLawVI@gmail.com
V.I. Bar No: 1124

**NOTE:** The defendant, if served personally, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the plaintiff's attorney within twenty-one (21) days after service of this summons, excluding the date of service. The defendant, if served by publication or be personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

**V.I. Civ. Pro. Rule 12.**
*DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING*
(a) Time to Serve a Responsive Pleading.
    (1) In General. Unless another time is specified by this rule or a statute of the Virgin Islands, the time for serving a responsive pleading is as follows:
        (A) A defendant served with the summons and complaint within the Virgin Islands must serve a responsive pleading within 21 days after being served.
        […]
        (C) A defendant served […] by summons and complaint by mail requiring a return receipt […] within 30 days from the date the defendant received the process.

# SUMMONS

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS

ALAN HELMAN; MARJORIE HELMAN;
LEPONT PALM BEACH, LLC;
MAURICE KASPY; LIBORIO PIAZZA;
TROY HAMMOND; and TIMOTHY AKER,

Plaintiffs,

vs.

MARRIOTT INTERNATIONAL, INC., a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LLC, a Delaware corporation;
RC HOTELS (VIRGIN ISLANDS), INC., a U.S.
Virgin Islands corporation; THE RITZ-CARLTON
CLUB, ST. THOMAS, INC., a U.S. Virgin Islands
corporation; RC ST. THOMAS, LLC, a U.S. Virgin
Islands limited liability company; MARRIOTT
VACATIONS WORLDWIDE CORPORATION, a
Delaware corporation; MARRIOTT OWNERSHIP
RESORTS, INC., a Delaware corporation; RITZ-
CARLTON MANAGEMENT COMPANY, LLC, a
Delaware limited liability company; THE RITZ-
CARLTON DEVELOPMENT COMPANY, INC., a
Delaware corporation; COBALT TRAVEL
COMPANY, LLC, INC., a Delaware limited liability
company; THE LION & CROWN TRAVEL CO.,
LLC, a Delaware limited liability company;
the NORTH AMERICAN TRUST, a land trust
organized under Florida law; and DOES 1-50,

Defendants.

**ST-19-CV-36**

**COMPLEX CASE DIVISION**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

**TO:   RC HOTELS (VIRGIN ISLANDS) INC.**
Resident Agent: BoltNagi PC
Merchants Financial Center, 4608 Tutu Park Mall, Suite 202
St. Thomas, USVI 00802-1816;  Phone 340.774.2944

Pursuant to 5 V.I.C. § 4911 and within the time limited by law pursuant to V.I. CIV. P.
RULE 4 *Summons and Service of Process* and RULE 12(A). *(a) Time to Serve a Responsive
Pleading* (see page 2) you are hereby required to appear before this Court and answer to a
complaint filed against you in this action and in case of your failure to appear or answer,
judgment by default will be taken against you as demanded in the complaint, for damages.

WITNESS MY HAND AND THE SEAL OF THIS COURT THIS_____ DAY OF FEBRUARY 2019.

**ESTRELLA H. GEORGE**
Clerk of the Court

By: _____
Deputy

J. RUSSELL B. PATE, ESQ.
The Pate Law Firm
P.O. Box 890, St. Thomas, USVI 00804
340.777.7283 Office
888.889.1132 Fax
Pate@SunLawVI.com
SunLawVI@gmail.com
V.I. Bar No: 1124

**NOTE:** The defendant, if served personally, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the plaintiff's attorney within twenty-one (21) days after service of this summons, excluding the date of service.  The defendant, if served by publication or be personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

**V.I. Civ. Pro. Rule 12.**
*DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING*
(a) Time to Serve a Responsive Pleading.
    (1) In General. Unless another time is specified by this rule or a statute of the Virgin Islands, the time for serving a responsive pleading is as follows:
        (A) A defendant served with the summons and complaint within the Virgin Islands must serve a responsive pleading within 21 days after being served.
        […]
        (C) A defendant served […] by summons and complaint by mail requiring a return receipt […] within 30 days from the date the defendant received the process.

# SUMMONS

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS

ALAN HELMAN; MARJORIE HELMAN;
LEPONT PALM BEACH, LLC;
MAURICE KASPY; LIBORIO PIAZZA;
TROY HAMMOND; and TIMOTHY AKER,

**ST-19-CV-36**

                      Plaintiffs,

**COMPLEX CASE DIVISION**

vs.

**CLASS ACTION COMPLAINT**

MARRIOTT INTERNATIONAL, INC., a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LLC, a Delaware corporation;
RC HOTELS (VIRGIN ISLANDS), INC., a U.S.
Virgin Islands corporation; THE RITZ-CARLTON
CLUB, ST. THOMAS, INC., a U.S. Virgin Islands
corporation; RC ST. THOMAS, LLC, a U.S. Virgin
Islands limited liability company; MARRIOTT
VACATIONS WORLDWIDE CORPORATION, a
Delaware corporation; MARRIOTT OWNERSHIP
RESORTS, INC., a Delaware corporation; RITZ-
CARLTON MANAGEMENT COMPANY, LLC, a
Delaware limited liability company; THE RITZ-
CARLTON DEVELOPMENT COMPANY, INC., a
Delaware corporation; COBALT TRAVEL
COMPANY, LLC, INC., a Delaware limited liability
company; THE LION & CROWN TRAVEL CO.,
LLC, a Delaware limited liability company;
the NORTH AMERICAN TRUST, a land trust
organized under Florida law; and DOES 1-50,

**JURY TRIAL DEMANDED**

                      Defendants.

**TO:   RC ST. THOMAS, LLC.**
       Resident Agent: Duensing & Casner, PC
       *Attn:* James Casner, Esq.
       9800 Buccaneer Mall, Bldg. 2, Suite 9
       St. Thomas, USVI 00802

       Pursuant to 5 V.I.C. § 4911 and within the time limited by law pursuant to V.I. CIV. P.
RULE 4 *Summons and Service of Process* and RULE 12(A). *(a) Time to Serve a Responsive
Pleading* (see page 2) you are hereby required to appear before this Court and answer to a
complaint filed against you in this action and in case of your failure to appear or answer,
judgment by default will be taken against you as demanded in the complaint, for damages.

WITNESS MY HAND AND THE SEAL OF THIS COURT THIS 6th DAY OF FEBRUARY 2019.

**ESTRELLA H. GEORGE**
Clerk of the Court

By: _____
Deputy

J. RUSSELL B. PATE, ESQ.
The Pate Law Firm
P.O. Box 890, St. Thomas, USVI 00804
340.777.7283 Office
888.889.1132 Fax
Pate@SunLawVI.com
SunLawVI@gmail.com
V.I. Bar No: 1124

**NOTE:** The defendant, if served personally, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the plaintiff's attorney within twenty-one (21) days after service of this summons, excluding the date of service. The defendant, if served by publication or be personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

**V.I. Civ. Pro. Rule 12.**
*DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING*
(a) Time to Serve a Responsive Pleading.
    (1) In General. Unless another time is specified by this rule or a statute of the Virgin Islands, the time for serving a responsive pleading is as follows:
        (A) A defendant served with the summons and complaint within the Virgin Islands must serve a responsive pleading within 21 days after being served.
        […]
        (C) A defendant served […] by summons and complaint by mail requiring a return receipt […] within 30 days from the date the defendant received the process.

# SUMMONS

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS

ALAN HELMAN; MARJORIE HELMAN;
LEPONT PALM BEACH, LLC;
MAURICE KASPY; LIBORIO PIAZZA;
TROY HAMMOND; and TIMOTHY AKER,

                    Plaintiffs,

   vs.

MARRIOTT INTERNATIONAL, INC., a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LLC, a Delaware corporation;
RC HOTELS (VIRGIN ISLANDS), INC., a U.S.
Virgin Islands corporation; THE RITZ-CARLTON
CLUB, ST. THOMAS, INC., a U.S. Virgin Islands
corporation; RC ST. THOMAS, LLC, a U.S. Virgin
Islands limited liability company; MARRIOTT
VACATIONS WORLDWIDE CORPORATION, a
Delaware corporation; MARRIOTT OWNERSHIP
RESORTS, INC., a Delaware corporation; RITZ-
CARLTON MANAGEMENT COMPANY, LLC, a
Delaware limited liability company; THE RITZ-
CARLTON DEVELOPMENT COMPANY, INC., a
Delaware corporation; COBALT TRAVEL
COMPANY, LLC, INC., a Delaware limited liability
company; THE LION & CROWN TRAVEL CO.,
LLC, a Delaware limited liability company;
the NORTH AMERICAN TRUST, a land trust
organized under Florida law; and DOES 1-50,

                  Defendants.

**ST-19-CV-36**

**COMPLEX CASE DIVISION**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

TO:  **RC ST. THOMAS, LLC.**
      Resident Agent: Duensing & Casner, PC
      *Attn:* James Casner, Esq.
      9800 Buccaneer Mall, Bldg. 2, Suite 9
      St. Thomas, USVI 00802

      Pursuant to 5 V.I.C. § 4911 and within the time limited by law pursuant to V.I. CIV. P.
RULE 4 *Summons and Service of Process* and RULE 12(A). *(a) Time to Serve a Responsive
Pleading* (see page 2) you are hereby required to appear before this Court and answer to a
complaint filed against you in this action and in case of your failure to appear or answer,
judgment by default will be taken against you as demanded in the complaint, for damages.

WITNESS MY HAND AND THE SEAL OF THIS COURT THIS 6th DAY OF FEBRUARY 2019.

**ESTRELLA H. GEORGE**
Clerk of the Court

By _____
Deputy

J. RUSSELL B. PATE, ESQ.
The Pate Law Firm
P.O. Box 890, St. Thomas, USVI 00804
340.777.7283 Office
888.889.1132 Fax
Pate@SunLawVI.com
SunLawVI@gmail.com
V.I. Bar No: 1124

**NOTE:** The defendant, if served personally, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the plaintiff's attorney within twenty-one (21) days after service of this summons, excluding the date of service. The defendant, if served by publication or be personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

**V.I. Civ. Pro. Rule 12.**
*DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING*
(a) Time to Serve a Responsive Pleading.
   (1) In General. Unless another time is specified by this rule or a statute of the Virgin Islands, the time for serving a responsive pleading is as follows:
      (A) A defendant served with the summons and complaint within the Virgin Islands must serve a responsive pleading within 21 days after being served.
      […]
      (C) A defendant served […] by summons and complaint by mail requiring a return receipt […] within 30 days from the date the defendant received the process.

# SUMMONS

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS

ALAN HELMAN; MARJORIE HELMAN;
LEPONT PALM BEACH, LLC;
MAURICE KASPY; LIBORIO PIAZZA;
TROY HAMMOND; and TIMOTHY AKER,

ST-19-CV-36

**COMPLEX CASE DIVISION**

**CLASS ACTION COMPLAINT**

Plaintiffs,

**JURY TRIAL DEMANDED**

vs.

MARRIOTT INTERNATIONAL, INC., a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LLC, a Delaware corporation;
RC HOTELS (VIRGIN ISLANDS), INC., a U.S.
Virgin Islands corporation; THE RITZ-CARLTON
CLUB, ST. THOMAS, INC., a U.S. Virgin Islands
corporation; RC ST. THOMAS, LLC, a U.S. Virgin
Islands limited liability company; MARRIOTT
VACATIONS WORLDWIDE CORPORATION, a
Delaware corporation; MARRIOTT OWNERSHIP
RESORTS, INC., a Delaware corporation; RITZ-
CARLTON MANAGEMENT COMPANY, LLC, a
Delaware limited liability company; THE RITZ-
CARLTON DEVELOPMENT COMPANY, INC., a
Delaware corporation; COBALT TRAVEL
COMPANY, LLC, INC., a Delaware limited liability
company; THE LION & CROWN TRAVEL CO.,
LLC, a Delaware limited liability company;
the NORTH AMERICAN TRUST, a land trust
organized under Florida law; and DOES 1-50,

Defendants.

TO:   **THE RITZ-CARLTON DEVELOPMENT CO., INC.,** *a Delaware corp.*
      THE PRENTICE-HALL CORPORATION SYSTEM, INC.
      251 LITTLE FALLS DRIVE
      WILMINGTON, DE 19808

Pursuant to 5 V.I.C. § 4911 and within the time limited by law pursuant to V.I. CIV. P.
RULE 4 *Summons and Service of Process* and RULE 12(A). *(a) Time to Serve a Responsive
Pleading* (see page 2) you are hereby required to appear before this Court and answer to a
complaint filed against you in this action and in case of your failure to appear or answer,
judgment by default will be taken against you as demanded in the complaint, for damages.

WITNESS MY HAND AND THE SEAL OF THIS COURT THIS ___7th___ DAY OF FEBRUARY 2019.

ESTRELLA H. GEORGE
Clerk of the Court

By: _____
Deputy

J. RUSSELL B. PATE, ESQ.
The Pate Law Firm
P.O. Box 890, St. Thomas, USVI 00804
340.777.7283 Office
888.889.1132 Fax
Pate@SunLawVI.com
SunLawVI@gmail.com
V.I. Bar No: 1124

**NOTE:** The defendant, if served personally, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the plaintiff's attorney within twenty-one (21) days after service of this summons, excluding the date of service. The defendant, if served by publication or be personal service outside of the jurisdiction, is required to file his answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

**V.I. Civ. Pro. Rule 12.**
*DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING*
(a) Time to Serve a Responsive Pleading.
    (1) In General. Unless another time is specified by this rule or a statute of the Virgin Islands, the time for serving a responsive pleading is as follows:
        (A) A defendant served with the summons and complaint within the Virgin Islands must serve a responsive pleading within 21 days after being served.
        […]
        (C) A defendant served […] by summons and complaint by mail requiring a return receipt […] within 30 days from the date the defendant received the process.

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

ALAN HELMAN, et al,

                                Plaintiffs,   SX-19-CV-036

v.

MARRIOTT INTERNATIONAL, INC., et al.

                               Defendants.

# NOTICE OF ENTRY OF ORDER
# OF REASSIGNMENT

TO:   J. RUSSELL B. PATE, ESQ.       pate@sunlawvi.com

      Please take notice that on February 7, 2019, an ORDER OF REASSIGNMENT dated February 7, 2019 was entered by the Clerk in the above- entitled matter.

Dated:  February 7, 2019

                                   **ESTRELLA H. GEORGE**
                                   **Clerk of the Superior Court**

                                   By: _____

                                      Gerianne Ledee
                                      COURT CLERK III

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **ALAN HELMAN, et al.,** | | **ST-19-CV-36** |
| | **Plaintiffs,** | |
| **v** | | **COMPLEX CASE DIVISION** |
| **MARRIOTT INTERNATIONAL, INC., a Maryland corporation; THE RITZ-CARLTON HOTEL COMPANY, LLC, a Delaware corporation; et al,** | | **CLASS ACTION COMPLAINT** |
| | **Defendants.** | **JURY TRIAL DEMANDED** |

## ORDER OF REASSIGNMENT

THIS MATTER is before the undersigned as Presiding Judge of the Superior Court in furtherance of the Order, entered May 14, 2018, establishing a territory-wide Complex Litigation Division within the Superior Court of the Virgin Islands. This case is complex because "the action involves a large number of parties" and "a high degree of commonality of injury or damages among the claim and" and coordination by the Complex Litigation Division "would result in the efficient utilization of judicial resources", Super. Ct. R. 21(c)(1)-(2), particularly as the claims at issue herein are presented in the form of a class action. Therefore, pursuant to Superior Court Rule 21(d) and section 72b(a) of Title 4 of the Virgin Islands Code, it is

ORDERED that this case is designated complex and transferred to the Complex Litigation Division. It is further

ORDERED that a copy of this Order be directed to all counsel of record.

Dated: February 7, 2019

HON. MICHAEL C. DUNSTON
PRESIDING JUDGE OF THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

ATTEST: Esirella E. George
Clerk of the Court
By
Court Clerk Supervisor

Copy

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS

ALAN HELMAN; MARJORIE HELMAN;
LEPONT PALM BEACH, LLC;
MAURICE KASPY; LIBORIO PIAZZA;
and TIMOTHY AKER,

                        Plaintiffs,

    vs.

MARRIOTT INTERNATIONAL, INC.,
MARRIOTT VACATIONS WORLDWIDE CORP.,
MARRIOTT OWNERSHIP RESORTS, INC.,
RC HOTELS (VIRGIN ISLANDS), INC.,
RC ST. THOMAS, LLC,
RITZ-CARLTON HOTEL COMPANY, LLC,
RITZ-CARLTON CLUB, ST. THOMAS, INC.,
RITZ-CARLTON MANAGEMENT CO., LLC,
RITZ-CARLTON DEVELOPMENT CO., INC.,
COBALT TRAVEL COMPANY, LLC, INC.,
LION & CROWN TRAVEL CO., LLC, and
the NORTH AMERICAN TRUST,

                        Defendants.

---

**ST-19-CV-36**

**COMPLEX CASE DIVISION**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED 19 APR -2 PM 2:37 SUPERIOR COURT

---

## FIRST AMENDED CLASS ACTION COMPLAINT

On behalf of themselves and others similarly situated, Plaintiffs ALAN & MARJORIE HELMAN, LEPONT PALM BEACH, LLC, MAURICE KASPY & LIBORIO PIAZZA, and TIMOTHY AKER (collectively, "Plaintiffs") bring this class action complaint for damages and equitable relief and demand a jury trial against MARRIOTT INTERNATIONAL, INC., a Maryland corporation, THE RITZ-CARLTON HOTEL COMPANY, LLC, a Delaware corporation, RC HOTELS (VIRGIN ISLANDS), INC., a U.S. Virgin Islands corporation, MARRIOTT VACATIONS WORLDWIDE CORPORATION, a Delaware corporation, MARRIOTT OWNERSHIP RESORTS, INC., a Delaware corporation, RITZ-CARLTON MANAGEMENT COMPANY, LLC, a Delaware limited liability company, THE RITZ-CARLTON DEVELOPMENT COMPANY, INC., a Delaware corporation, COBALT TRAVEL COMPANY, LLC, INC., a Delaware limited liability company, THE LION & CROWN TRAVEL

Complaint
*Helman, et al. v. Marriott International, et al.*                                    Page 2 of 60

CO., LLC, a Delaware limited liability company, THE RITZ-CARLTON CLUB, ST. THOMAS,

INC., a U.S. Virgin Islands corporation, RC ST. THOMAS, LLC, a U.S. Virgin Islands limited

liability company, the NORTH AMERICAN TRUST, a land trust organized under Florida law,

and DOES 1-50 (collectively, "Marriott Defendants") based on information, belief, and the

investigation of counsel.

## INTRODUCTION

1.      Plaintiffs bring this class action on behalf of themselves and nearly a thousand

similarly situated purchasers of fractional condominium interests, commonly known as

"fractionals," at a Ritz-Carlton Destination Club in St. Thomas, U.S. Virgin Islands referred to

herein as the **"Ritz-Carlton Great Bay"** (or occasionally **"St. Thomas"** when contrasted with

other clubs). The case arises out of the Marriott Defendants' wrongful decision to merge two

different vacation ownership product lines.[1] Specifically, they merged the Ritz-Carlton Destination

Club (sometimes **"RCDC"**), a network of luxury properties sold as deeded fractionals, with the

Marriott Vacation Club (sometimes "MVC"), a much less exclusive and cheaper timeshare

product line.

2.      In industry parlance, the Ritz-Carlton Great Bay and the other RCDC properties are

known as "private residence clubs," a term intended to capture their exclusive and luxurious nature.

Based on the storied Ritz-Carlton brand and the promise of exclusivity, Plaintiffs and the nearly

thousand other members of the proposed Class paid premium prices (in the hundreds of thousands

of dollars) for three weeks of exclusive access to the Ritz-Carlton Great Bay and what was

supposed to be a growing network of RCDC locations around the world.

3.      Marriott[2] marketed these fractionals as akin to second homes, distinct from mere

timeshares in that they required a multi-week purchase and came with a separate deed recorded at

the time of purchase. Marriott claimed that these fractionals would be "operated for the exclusive

use, benefit and enjoyment of the Members, their families and their guests." But in or around 2011,

---

[1] "Vacation ownership" is a broad term that refers to timeshares, private residence clubs, and
timeshares generally, all of which are described below.
[2] As used herein, **"Marriott"** refers to all Marriott-related entities generally.

Complaint
*Helman, et al. v. Marriott International, et al.*                                           Page 3 of 60

the Marriott Defendants quietly embarked on a multi-year re-engineering campaign to give more

than 400,000 members of the Marriott Vacation Club access to the Ritz-Carlton Destination Clubs,

including by transferring unsold RCDC fractional inventory (approximately 20% of all RCDC

fractionals) to a land trust affiliated with the Marriott Vacation Club.

4.      The Marriott Defendants did not disclose their intention to merge the Ritz-Carlton

Destination Club with the Marriott Vacation Club until July 2012. Opposition was massive and

immediate across the entire RCDC network. Many owners and their association boards complained

— presciently as it turned out — that the merger would dilute the exclusivity of the Ritz-Carlton

Destination Club and erode resale values. This groundswell of opposition did not surprise the

Marriott Defendants; internal documents obtained in related litigation confirm that they knew the

"affiliation," as they termed it, would gut the value of the 3,200 luxury or so fractionals they sold

at nine RCDC locations, including St. Thomas.

5.      The Marriott Defendants also knew that this merger might lead to litigation; that

was the conclusion of an internal analysis summarized in a December 2011 internal report. Indeed,

the conduct described herein clearly violates their fiduciary duties.[3] But the Marriott Defendants

could not resist the temptation to reap the rewards they knew would come with their re-engineering

plan. Opening up the Ritz-Carlton Destination Club to members of the Marriott Vacation Club

would allow the Marriott Defendants to use the "halo effect" of the storied Ritz-Carlton brand and

the prospect of access to luxury RCDC properties to sell more MVC points at higher prices.

6.      The Marriott Defendants employed various means to overcome opposition and

push the merger through. For example, they promised that the merger would not take place without

an affirmative vote of a majority of the owners at each club. But it soon became apparent that they

---

[3] *See RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 2018 WL 1535509, at *5-6 (D. Colo.
Mar. 29, 2018) (declining to dismiss fiduciary duty claims in related case, stating "The Court finds that
the plaintiffs have sufficiently alleged that the Management Agreement entrusted RC Management
with control over plaintiffs' property sufficient to create fiduciary duties"); *Reiser v. Marriott
Vacations Worldwide Corp.*, 2017 WL 569677, at *4–5 (E.D. Cal. Feb. 13, 2017) (similar ruling).
Together with a third case, *Petrick, et al. v. Marriott, et al.* (San Francisco Sup. Case No. CGC 15-
545987), these cases are referred to as the "related cases" or "related litigation."

Complaint
*Helman, et al. v. Marriott International, et al.*                                        Page 4 of 60

would lose these votes, and they set about to secretly breach that promise. Owners at Bachelor Gulch held their own vote, and, despite an attempt by the Marriott Defendants to interfere with the vote, opted to exit the RCDC system altogether rather than suffer an influx of MVC members and the loss in resale values that would inevitably follow the merger. A survey and a focus group commissioned by the Marriott Defendants showed that the result of votes elsewhere would be the same. So, in place of the promised votes, the Marriott Defendants quietly substituted a highly misleading survey in Aspen Highlands, San Francisco, and Tahoe, and vowed to forge ahead with the merger no matter the results of these surveys.

7.      The Marriott Defendants used other forms of deception too. The contract that ultimately led to the merger, an "Affiliation Agreement" from November 2013 ("2013 Affiliation Agreement"), gave the association at each club the power to vote on whether the merger would extend to their club.  But the Marriott Defendants hid this document from each association — and courts presiding over three related cases in California and Colorado. Why? Because in a campaign of misinformation lasting many years and employed in those three related cases, the Marriott Defendants claimed that the merger could not be stopped or contested because their subsidiary (Cobalt) was contractually vested with the "sole discretion" to make such decisions and the various associations and their boards had no role in that decision, nor the power to stop it. Disclosing the 2013 Affiliation Agreement would have revealed the falsity of that claim, so the Marriott Defendants buried it.

8.      The Marriott Defendants' strategy in St. Thomas was particularly devious. An unusually high number of buyers in St. Thomas financed their purchases with loans from Marriott. After the onset of the recession in 2008, there was a correspondingly high number of owners in St. Thomas who fell behind on their mortgages and maintenance dues. This provided the Marriott Defendants with the opportunity to gain leverage over Plaintiffs and the proposed Class. Under the governing documents for the Ritz-Carlton Great Bay, responsibility for foreclosing on fractionals with delinquent maintenance dues was given to the Marriott Defendants. Upon foreclosure — but not before — the Marriott Defendants were required to pay dues on the

Complaint
*Helman, et al. v. Marriott International, et al.*                                    Page 5 of 60

foreclosed units. This meant that the Marriott Defendants could manufacture a financial crisis by

delaying foreclosure proceedings, which is exactly what they did.

9.       The Marriott Defendants knew this would put the Ritz-Carlton Great Bay in peril;

their own SEC filings acknowledge the risk posed by defaults and unpaid maintenance fees. A

2019 Marriott Vacations Worldwide 10-K states, for example:

> The maintenance fees that are levied on owners . . . are used to maintain and refurbish the
> vacation ownership properties. . . . Once a property owners' association begins to
> experience a high default rate, if it is unable to foreclose and resell units to paying owners,
> the situation worsens as the maintenance fees assessed to remaining owners continually
> increase to cover expenses. . . . In these circumstances, . . . the vacation ownership
> properties could fall into disrepair. . . . For branded resorts, the maintenance fees are used
> to keep the properties in compliance with applicable brand standards. If a resort fails to
> comply with applicable brand standards, the applicable licensor could terminate our rights
> under the applicable license agreement to use its trademarks at the non-compliant resort.
> Increased maintenance fees . . . could also cause an increase in defaults . . . .

*See* Marriott Vacations Worldwide 10-K, filed 3/1/2019, at pp. 34-35.

10.      Over a period of years, losses caused by the unusually high number of delinquent

owners and the "slow walking" of foreclosures by the Marriott Defendants began to accrue. In

2013, the Marriott Defendants proposed their "solution": If owners, including Plaintiffs and the

proposed Class, voted to permit the RCDC-MVC merger, the Marriott Defendants would

accelerate foreclosures and begin paying maintenance dues on the foreclosed fractionals — both

things that they were required to do even without a vote.

11.      Misled by their fiduciaries and put into financial extremis, owners, including

Plaintiffs and the proposed Class, voted on January 26, 2014, to accept the Marriot Defendants'

proposal.

12.      Among other things, this "deal" was a flagrant breach of the fiduciary and other

duties the Marriott Defendants owed to Plaintiffs and the proposed Class. As fiduciaries, the

Marriott Defendants were required to act in the best interests of Plaintiffs and the proposed Class,

not manufacture a financial crises to obtain leverage over them, hide the disastrous consequences

of the merger, and then secretly profit from their wrongdoing.

Complaint
*Helman, et al. v. Marriott International, et al.*                                      Page 6 of 60

13.    As a result of this merger, thousands of MVC members have flooded the Ritz-
Carlton Great Bay and other Ritz-Carlton Destination Clubs, fundamentally altering the offering.
Resale prices have plummeted and are forever diminished because nobody is willing to pay
premium prices for supposedly exclusive access to a supposed private residence club when access
can be obtained at a much lower price-point and with much greater flexibility through the Marriott
Vacation Club. Plaintiffs and other members of the proposed Class have suffered losses to their
property values, rights and expectations while the Marriott Defendants, as they predicted, reaped
hundreds of millions of dollars by selling more MVC points at higher prices.

14.    Among other wrongdoing, the Marriott Defendants breached the fiduciary duties
they owed to Plaintiffs and the proposed Class, engaged in commercial extortion and proxy fraud,
perpetrated a scheme to defraud, and engaged in an ongoing pattern of racketeering activity in
violation of the Virgin Islands Criminally Influenced and Corrupt Organizations Act, 30 V.I.C. §
600, *et seq.* ("CICO"). In addition, the Marriott Defendants acted with a reckless, wanton, and
willful disregard of their fiduciary duties and other obligations and the rights of Plaintiffs and the
proposed Class. Among other remedies, Plaintiffs seek disgorgement from Defendants of these ill-
gotten profits and treble damages under CICO.

15.    There are two groups of defendants. First, there is Marriott International, Inc. and
its subsidiaries named herein and identified below (collectively, the "MII Defendants"), which
built, marketed, and sold thousands of the RCDC fractionals, including over a thousand at the Ritz-
Carlton Great Bay. The second group consists of Marriott Vacations Worldwide Corporation and
its subsidiaries named herein and identified below (collectively, the "MVW Defendants"), which
were "spun-off" from Marriott International in 2011. After the spin-off, the MVW Defendants
took over most operational aspects of the Ritz-Carlton Destination Club and the Marriott Vacation
Club. But Marriott International has remained deeply involved in both the RCDC and the MVC.

## JURISDICTION AND VENUE

16.    This Court has jurisdiction over common law torts committed in the Virgin Islands
as well as Plaintiffs' claims under the Criminally Influenced and Corrupt Organizations Act, 14

Complaint
*Helman, et al. v. Marriott International, et al.*                                    Page 7 of 60

V.I.C. §§ 600, *et seq.*, the Consumer Protection Law of 1973, 12A V.I.C. §§ 101, *et seq.*, the
Consumer Fraud and Deceptive Business Practices Act, 12A V.I.C. §§ 301, *et seq.*, and the
common law tort claims

17.     This Court has personal jurisdiction over each of the defendants because each of
them purposefully availed itself of the privilege of engaging in business in the U.S. Virgin Islands
and/or is a U.S. Virgin Islands resident and/or is a U.S. Virgin Islands registered entity.

18.     At least three of the defendants qualify as citizens of the U.S. Virgin Islands: RC
Hotels VI; the Ritz-Carlton Club, St. Thomas, Inc.; and RC. St. Thomas, LLC.

19.     The conduct of local Defendants forms a significant basis for the claims asserted
herein, and Plaintiffs and the proposed Class seek significant relief from these Defendants.

20.     The principal injuries resulting from the conduct alleged herein, as well as from the
related conduct of each defendant, were incurred in the U.S. Virgin Islands.

21.     During the three-year period preceding the filing of this class action, no other class
action has been filed asserting the same or similar factual allegations against any of the defendants
on behalf of the named plaintiffs or other similarly-situated persons.

22.     Venue in this judicial division is proper pursuant to 4 V.I.C. § 78 in that the cause
of actions arose and a substantial part of the wrongful occurred was carried out within this judicial
division.

## NON-PARTY ENTITIES AND INDIVIDUALS

23.     The Great Bay Condominium Owners Association, Inc. ("Association"), the
fractional owners association for Ritz-Carlton Great Bay, is a condominium association organized
under the laws of the U.S. Virgin Islands. On March 3, 2000, the Marriott Defendants formed the
Association by filing the Articles of Incorporation of Great Bay Condominium Owners
Association, Inc. with the U.S. Virgin Islands Office of the Lieutenant Governor, Division of
Corporations and Trademarks. The objects and purposes for which the Association was formed
included: "To provide the owners of the Great Bay Condominium . . . with an association for
benevolent, fraternal and social purposes and to conduct the activities of an association of

Complaint
*Helman, et al. v. Marriott International, et al.*                                    Page 8 of 60

condominium owners pursuant to Title 28 Virgin Islands Code Chapter 33"; and "to promote the general welfare of the Association and its members and to enforce the provisions of the Declaration, Bylaws and Rules and Regulations of Great Bay Condominium."

## DEFENDANTS

### A.    The Marriott International Defendants

24.    Defendant Marriott International, Inc. (**"Marriott International"** or sometimes **"MII"**), is a publicly-traded Delaware corporation headquartered in Bethesda, Maryland. Marriott International sold the deeded St. Thomas fractionals at issue through its wholly-owned subsidiary RC Hotels VI. A multinational hospitality company, Marriott International now has licensing agreements with its former subsidiary Marriott Vacations Worldwide that allow the MVW Defendants to use the "Marriott" and "Ritz-Carlton" brand and trade names, trademarks, and service marks in exchange for licensing fees to Marriott International of over $50 million per year, plus a percentage of Marriott Vacations Worldwide's sales, including sales of MVC points.

25.    Defendant RC Hotels (Virgin Islands), Inc. (**"RC Hotels VI"**), is a U.S. Virgin Islands corporation and a subsidiary of Marriott International Hotels, Inc., itself a subsidiary of Marriott International. RC Hotels VI remained a Marriott International subsidiary following the spin-off of Marriott Vacations Worldwide in 2011. Among other things, RC Hotels VI was the seller of the fractionals to Plaintiffs and the proposed Class and was involved in operations and delaying foreclosures.

26.    Defendant The Ritz-Carlton Hotel Company, LLC (**"RC Hotel Co."**) is a Delaware corporation with a principal place of business in Maryland that remained a Marriott International subsidiary after the 2011 spin-off of Marriott Vacations Worldwide. Since the spin-off, most "on-site" operations at the Ritz-Carlton Great Bay and other RCDC properties, as well as responsibility for managing Association governance, have been delegated to RC Hotel Co.

27.    Marriott International, RC Hotel Co., and RC Hotels VI are collectively referred to herein as the **"MII Defendants."** On information and belief, the MII Defendants: (a) are the agents, representatives, alter egos, and/or instrumentalities of their respective principals or

Complaint
*Helman, et al. v. Marriott International, et al.*                                        Page 9 of 60

controlling entities, (b) have interlocking or overlapping directors and/or officers with their respective principals or controlling entities, (c) are undercapitalized and/or spurious or disregard the corporate form, (d) and are entities for which "piercing the corporate veil" is or may be necessary and appropriate to prevent injustice and inequity to Plaintiffs and the proposed Class.

28.      Each of the MII Defendants (directly and/or indirectly through individual agents, representatives, employees, principals, officers, directors and members) (a) actively or passively participated in the conduct, acts and omissions alleged herein, (b) materially assisted, aided, abetted and/or conspired with one or more other defendants in committing the conduct, acts, and omissions alleged herein, (c) purposely, knowingly, recklessly, or negligently planned, directed, implemented, furthered, and/or consented to conduct, acts and omissions alleged herein, and/or (d) is directly, vicariously, jointly, and/or severally liable for the conduct, acts, and omissions alleged herein.

### B.      The Marriott Vacations Worldwide Defendants

29.      Defendant Marriott Vacations Worldwide Corporation (**"Marriott Vacations Worldwide"** or sometimes **"MVW"**) is a Delaware corporation with its principal place of business at 6649 Westwood Boulevard, Orlando, Florida. Marriott Vacations Worldwide was a Marriott International subsidiary until a spin-off in 2011, after which Marriott Vacations Worldwide became a publicly traded corporation. Marriott Vacations Worldwide operates the Ritz-Carlton Destination Club and the Marriott Vacation Club pursuant to, and its business is dependent on, licensing agreements with Marriott International.

30.      Defendant Marriott Ownership Resorts, Inc. (**"MORI"**), is a Delaware corporation. Formerly a Marriott International subsidiary, MORI became a wholly-owned subsidiary of Marriott Vacations Worldwide following the spin-off in 2011. MORI's principal place of business is also at 6649 Westwood Boulevard, Orlando, Florida. Both before and after the 2011 spin-off, MORI was the subsidiary with primary responsibility for the Marriott Vacation Club and the Ritz-Carlton Destination Club.

Complaint
*Helman, et al. v. Marriott International, et al.*                              Page 10 of 60

31.     Defendant the Ritz-Carlton Development Company, Inc. (**"RC Development"**),
another Marriott Vacations Worldwide subsidiary that was a Marriott International subsidiary
before the spin-off, is a Delaware corporation with a principal place of business at 6649 Westwood
Boulevard, Orlando, Florida. The Disclosure Statement given to purchasers at Ritz-Carlton Great
Bay states that RC Development "through or in conjunction with (the Organizer) . . . and other
affiliated and/or third-party companies, is offering a variety of locations and related benefits and
privileges sometimes collectively referred to as 'The Ritz Carlton Club.'" RC Development
provided financing to certain purchasers and was involved in delaying foreclosure proceedings.

32.     Defendant the **Ritz-Carlton Club, St. Thomas, Inc.** is a U.S. Virgin Islands
corporation and a wholly-owned subsidiary RC Development, and therefore of Marriott Vacations
Worldwide as well. The governing documents at the Ritz-Carlton Great Bay describe RC Club St.
Thomas, Inc. as the "Organizer" of the Ritz-Carlton Great Bay. RC Club St. Thomas, Inc. signed
the purchase contracts on behalf of the seller, RC Hotels VI.

33.     Defendant Ritz-Carlton Management Company, LLC (**"RC Management"**) is a
Delaware limited liability company with a principal place of business at 6649 Westwood
Boulevard, Orlando, Florida. RC Management was a wholly-owned Marriott International
subsidiary until the 2011 spin-off and is now a wholly-owned subsidiary of Marriott Vacations
Worldwide. RC Management has the same principal place of business as Marriott Vacations
Worldwide. Pursuant to a series of management agreements, RC Management shared
responsibility with Marriott International subsidiaries RC Hotels VI and RC Hotel Co. for
operating the Ritz-Carlton Great Bay and managing the functions of the Association and its board.

34.     Defendant The Cobalt Travel Company, LLC (**"Cobalt"**), a Delaware limited
liability company formerly known as the Ritz-Carlton Travel Company, LLC, is another wholly-
owned Marriott Vacations Worldwide subsidiary with the same principal place of business in
Orlando, Florida. Defendants misled owners, including Plaintiffs and the proposed Class, the
boards of each fractional association, and the courts in three related cases into believing that Cobalt
had the exclusive authority to "affiliate" the RCDC with the MVC. In fact, the association at each

club had the power to prevent the "affiliation" from extending to their club, and the authority to affiliate with another program, such as the MVC, was later delegated to another Marriott Vacations Worldwide subsidiary, Lion & Crown, pursuant to the 2013 Affiliation Agreement.

35.     Defendant The Lion & Crown Travel Co., LLC (**"Lion & Crown"**) is a Delaware limited liability company formed in 2008. Lion & Crown is another wholly-owned subsidiary of Marriott Vacations Worldwide with the same principal place of business in Orlando, Florida. In an affiliation agreement from 2010, Cobalt granted to Lion & Crown the authority to affiliate with so-called "external" clubs, *i.e.*, those not branded as part of the RCDC program.

36.     Marriott Resorts, Travel Company, Inc., d.b.a. MVC Exchange Company (**"MRTC"**) is a Delaware corporation and a Marriott Vacations Worldwide subsidiary that has established an exchange program commonly known as Marriott Vacation Club (or more formally, the Marriott Vacations Club Destinations Exchange Program) for the purpose providing MVC members to exchange points at the MVC for access to properties outside the MVC. The RCDC-MVC merger was permanently effectuated by the 2013 Affiliation Agreement between Lion & Crown and MRTC. This 2013 Affiliation Agreement was only recently disclosed.

37.     Defendant **RC St. Thomas, LLC** is a limited liability company organized under the laws of the U.S. Virgin Islands and a wholly-owned subsidiary of Marriott Vacations Worldwide. On information and belief, RC St. Thomas, LLC was involved in foreclosing on and taking title to fractionals whose owners could not make their mortgage payments, as well as delaying those foreclosures.

38.     The North American Trust (the **"NATO land trust"**) is a land trust organized under Florida law that is, on information and belief, administered and controlled by Marriott Vacations Worldwide and/or its designees. The NATO land trust owns the resorts and fractional interests (including many with the RCDC) to which Marriott Vacation Members have a right of access.

39.     Marriott Vacations Worldwide, MORI, RC Development, RC Management, RC Club St. Thomas, Inc. Cobalt, Lion & Crown, MRTC, RC St. Thomas, and the NATO land trust are collectively referred to herein as the **"MVW Defendants."** The MVW Defendants: (a) are the

agents, representatives, alter egos, and/or instrumentalities of their respective principals or controlling entities, (b) have interlocking or overlapping directors and/or officers with their respective principals or controlling entities, (c) are undercapitalized and/or spurious or disregard the corporate form, (d) and are entities for which "piercing the corporate veil" is or may be necessary and appropriate to prevent injustice and inequity to Plaintiffs and the proposed Class.

40.    Each of the MVW Defendants directly and/or indirectly through individual agents, representatives, employees, principals, officers, directors and members: (a) actively or passively participated in the conduct, acts and omissions alleged herein, (b) materially assisted, aided, abetted and/or conspired with one or more other defendants in committing the conduct, acts, and omissions alleged herein, (c) purposely, knowingly, recklessly, or negligently planned, directed, implemented, furthered, and/or consented to conduct, acts and omissions alleged herein, and/or (d) is directly, vicariously, jointly, and/or severally liable for the conduct, acts, and omissions alleged herein. For example, critical decisions that Cobalt and Lion & Crown ostensibly made regarding the RCDC-MVC merger were, in fact, made by the Chief Operating Officer of Marriott Vacations Worldwide who was serving at the same time as the controlling officer of Cobalt and Lion & Crown.

**PLAINTIFFS**

41.    Alan and Marjorie Helman are a married couple residing in Maitland, Florida. On or about February 8, 2002, they purchased an undivided 1/12 interest in a condominium unit at the RCDC in St. Thomas for $106,400.

42.    Lepont Palm Beach, LLC, is organized under the laws of Florida. Its only member, Michael Gianatasio, is a resident of Armonk, New York. On or about October 28, 2009, Mr. Gianatasio and his wife, Penny Gianatasio, purchased an undivided 1/12 interest in a condominium unit at the RCDC in St. Thomas for $180,000.

43.    Pursuant to an Assignment of Claims, Michael and Penny Gianatasio transferred all of their claims and all interests in claims arising out of ownership or under the purchase

Complaint
*Helman, et al. v. Marriott International, et al.*                               Page 13 of 60

agreement or otherwise and pertaining to the undivided 1/12 interest in their condominium unit at

the RCDC in St. Thomas to Lepont Palm Beach, LLC.

44.    Maurice Kaspy and Liborio Piazza are residents of Montreal, Quebec. On or about

March 20, 2006, they purchased an undivided 1/12 interest in a condominium unit at the RCDC in

St. Thomas for $144,000.

45.    Timothy Aker is a resident of Pennington, New Jersey. On or about March 22,

2006, he purchased an undivided 1/12 interest in a condominium unit at the RCDC in St. Thomas

for $165,000.

## GENERAL ALLEGATIONS

### A.    History and Evolution of the Marriott Vacation Club

46.    In the 1980s, Marriott International established MORI to run its Marriott Vacation

Club timeshare operations. In 1984, Marriott's Monarch on Hilton Head Island became the first

Marriott Vacation Club resort. By 2009, more than 400,000 timeshare owners had purchased one-

week timeshare intervals as part of MVC. This was the initial iteration of the Marriott Vacation

Club; it would soon evolve from a timeshare to a points-based vacation ownership program.

47.    By the summer of 2010, Marriott International had decided to move away from its

historic model of selling weekly timeshare intervals through the Marriott Vacation Club. The

company introduced the concept of selling points that purchasers could use to stay at a range of

resorts, as opposed to a particular week in a particular resort.  Marriott International and then

Marriott Vacations Worldwide after the 2011 spin-off viewed this introduction of vacation points

as a way to maximize the cash flow of their vacation ownership business.

48.    This points-based model is more flexible than a fixed-week ownership interest in a

particular property for at least two reasons. First, owners of MVC points are not locked into weekly

intervals, but rather can use their points to stay in various properties for short periods of time. In

contrast, purchasers of RCDC fractionals had to commit to buy three-week intervals (or four weeks

in Aspen Highlands), and the exchange program that allowed RCDC owners to swap time with

other RCDC properties required one-week stays. The Marriott Defendants touted these minimums

Complaint
*Helman, et al. v. Marriott International, et al.*                              Page 14 of 60

as a key differentiating factor for the Ritz-Carlton Destination Club justifying the substantially increased sales prices.

49.     Second, MVC points can be sold in varying quantities according to the preference of the purchaser. This means the "cost of entry" to join the Marriott Vacation Club is substantially less than the cost to join other programs. The minimum required purchase for MVC points is just 1,500 points. When first introduced in the summer of 2010, MVC points were priced at $9.20 per point, meaning the minimum purchase was only $13,800. Even at today's price, around $14.00 per point, the same purchase would cost only $21,000 — far below what Plaintiffs and other members of the proposed Class were required to spend to obtain access to the RCDC. On average, the 3,200 purchasers of Ritz-Carlton Destination Club fractions paid more than $200,000.

50.     MVC points are not backed by a direct interest in any particular underlying property, but rather entitle the purchaser to use rights specified by the Marriott Defendants and a beneficial interest in NATO land trust. This means that, to support the number of MVC points they wished to sell, Marriott International, and later Marriott Vacations Worldwide after the 2011 spin-off, had to transfer ownership of sufficient developed inventory to the NATO land trust. As more fully alleged elsewhere in this Complaint, this is why the Marriott Defendants sought to merge the Ritz-Carlton Destination Club with the Marriott Vacation Club.

**B.     History and Evolution of the Ritz-Carlton Destination Club**

51.     In 1999, MORI introduced the Ritz-Carlton Destination Club as a luxury alternative to its MVC timeshare product. The St. Thomas and Aspen Highlands properties were the RCDC's first fractional ownership properties. Until about 2012, the Marriott Defendants developed and sold approximately 3,200 deeded 1/12 luxury fractionals under The Ritz-Carlton Destination Club brand at the following nine locations: Aspen Highlands, Colorado; Bachelor Gulch, Colorado; Jupiter, Florida; North Lake Tahoe, California; San Francisco, California; Vail, Colorado; Abaco, Bahamas; Maui, Hawaii; and, as relevant here, St. Thomas, U.S. Virgin Islands.

52.     The Ritz-Carlton Destination Club was conceived and sold as a "luxury" product line that was more exclusive than and superior to a mere timeshare. The Marriott Defendants sold

Complaint
*Helman, et al. v. Marriott International, et al.*                              Page 15 of 60

separately deeded 1/12 fractional ownership interests that provided purchasers with rights to three

particular weeks selected at the time of purchase. In contrast, traditional timeshares (such as the

initial iteration of the MVC) are sold in one-week intervals, and points-based programs (such as

the MVC after about 2010) can be used for transient occupancy for as short a stay as one night.

The exchange program that allowed RCDC owners to swap time within the RCDC required full-

week exchanges rather than shorter periods.

53.     Marriott touted the deeded property interest aspect of the RCDC to differentiate

these fractional offerings from mere timeshares and to sell them as a superior form of real property

ownership. Marriott marketed these fractionals as "[l]ike any form of real estate, . . . [that] can be

sold, willed or transferred by the Member at any time" and represented in sales materials that they

would be "operated for the exclusive use, benefit and enjoyment of the Members, their families

and their guests." The luxurious and private nature of these fractionals, the requirement that they

be purchased and used in longer blocks of time measured in weeks not days, and the exclusivity

of use distinguished them from the MVC product line.

54.     Based on these distinctions and attributes, RCDC fractionals were substantially

more expensive, both in terms of purchase price and annual maintenance fees, than the points-

based MVC timeshare.  The average RCDC purchaser paid more than $200,000 for a RCDC

fractional, whereas one could become a member of the Marriott Vacation Club for less than

$20,000 during the relevant period.

C.      **The Ritz-Carlton Great Bay**

55.     The Ritz-Carlton Club Great Bay is located at 6910 Great Bay, St. Thomas, VI

00802 and consists of a total of 105 Condominiums, broken down as follows: (a) 81 "Residences"

consisting of two and three bedrooms sold as 1/12 fractional interests (equaling 972 fractionals);

and (b) 24 "Suites" consisting of two-bedroom units similarly sold as 1/12 fractional interests

(equaling another 288 fractionals).

56.     The club was formally created on May 22, 2002, when Marriott International

wholly-owned subsidiary RC Hotels VI recorded a Declaration Establishing a Plan for

Complaint
*Helman, et al. v. Marriott International, et al.*                                                    Page 16 of 60

Condominium for the Great Bay Condominium (the "Condominium Declaration"). A
Supplemental Declaration of Condominium for The Club at Great Bay Condominium ("Club
Declaration") recorded by RC Hotels VI that same day included certain use restrictions, including
the following contained in Article XI, section 11.1:

> [E]ach of the Residences (i.e., whole condominiums sold as fractionals)[4] relating to
> Residence Interests (i.e., the fractionals themselves) subject to this Club Declaration shall
> be occupied only for temporary occupancy. Use of the same and the Common Elements
> and Limited Common Elements of this Condominium is limited solely to the personal use
> of Members, their guests, invitees and lessees and for recreational uses by corporations and
> other entities owning Residence Interests. . . . **Use of Residences or the Common
> Elements for commercial purposes or any purposes other than the personal use
> described herein is expressly prohibited. "Commercial purpose" shall include, but
> not be limited to, a pattern of rental activity or other occupancy by a Member that
> the Members Association, in its reasonable discretion, could conclude constitutes a
> commercial enterprise or practice.**

(Emphasis added.) As more fully alleged below, this provision of the Club Declaration either
prevented the RCDC-MVC merger without a vote to amend the Club Declaration.

57.     Beginning in 2002 and through 2011, the Marriott Defendants sold all but 79 of the
1,260 available fractionals at the Ritz-Carlton Great Bay for an average price of over $150,000 per
fractional. As at the other Ritz-Carlton Residence Club locations, the Marriott Defendants
marketed these St. Thomas fractionals as being superior to mere timeshares in that they were
separately deeded property interests equivalent to a second home, located in an exclusive and
private property available only to those who purchased three weeks at premium prices.

58.     The Ritz-Carlton Great Bay is located on a beautiful parcel of land with beach
access, and was previously known as a quiet, very high-end destination.

**D.     The Marriott Defendants Controlled the Association Board, Communications
        With Plaintiffs and the Proposed Class, and Nearly All Aspects of Their
        Separately Deeded Property Interests**

---

[4] The Condominium and Club Declarations refers to the whole condominiums as a "Residence" and
the 1/12 fractional interests that Plaintiffs purchased as a "Residence Interest."

Complaint
*Helman, et al. v. Marriott International, et al.*                                           Page 17 of 60

59.     The Marriott Defendants fashioned the governing documents to ensure their continued control of the Association and its board, even after it became nominally "independent." Like in the governing documents at the other Ritz-Carlton Destination Clubs,[5] the Marriott Defendants imposed management agreements on the property that delegated all board functions and duties to RC Hotels VI, which in turn subcontracted board functions and duties to RC Management. Later, RC Management further delegated certain important duties, such as elements of association board governance, to Marriott International subsidiary RC Hotel Co. The Marriott Defendants used this control to improperly influence, infiltrate, and exert control over the ostensibly independent Association board, operate the Ritz-Carlton Great Bay in a manner that benefited the Marriott Defendants, and otherwise carry out the wrongful conduct and the fraudulent scheme described herein.

60.     In the first management agreement dated May 22, 2002, the Association, which had been just formed and was controlled by the Marriott Defendants, entered into a Management Agreement with RC Hotels VI that gave that Marriott International subsidiary "all of the power and authority of the Association to the extent necessary to perform the Management Company's duties and obligations under this Agreement." This Management Agreement further provided that RC Hotels VI, "on behalf of and at the expense of, the Association, to the exclusion of all other persons including the Association and its Members, shall have all the powers and duties of the Board of Directors as set forth in the Declaration and the Bylaws of the Association . . . ."

61.     That same day, RC Hotels VI entered into a "Sub-Management Agreement" with RC Management in which RC Hotels VI engaged "RC Management Company as the exclusive managing entity of the Condominium and to manage the daily affairs of the Condominium and the Plan." The Sub-Management Agreement also provides that "RC Management Company shall have all of the power and authority of RC Hotels VI under the Management Agreement to the extent

---

[5] Pursuant to the governing documents for each of the other four properties that remain in the RCDC program — the resorts at San Francisco, Tahoe, Vail, and Aspen Highlands — all of the duties, including fiduciary duties, of the supposedly independent fractional owners association boards are similarly delegated to RC Management.

Complaint
*Helman, et al. v. Marriott International, et al.*                                                    Page 18 of 60

necessary to perform RC Hotels VI's duties and obligations under the Management Agreement"
and further that "RC Management Company, on behalf of and at the expense of, the Association,
to the exclusion of all other persons including the Association and its Members, shall have all the
powers and duties of the Board of Directors as set forth in the Declaration and the Bylaws of the
Association . . . ."

62.     Nearly a decade later, at the time of the November 2011 spin-off, RC Management
entered into a further sub-agency agreement with Marriott International subsidiary RC Hotel Co.
at each RCDC location. This sub-agency agreement dated November 21, 2011, provides that
Marriott International, through RC Hotel Co., will manage the on-site operations of each RCDC
location, giving Marriott International control over the Ritz-Carlton Great Bay. Importantly, it also
provides that Marriott International, through RC Hotel Co., manages association governance. This
allowed Marriott International to manipulate the Association to achieve the unwanted RCDC-
MVC merger.

63.     The MII and MVW Defendants (through RC Hotel Co. and RC Management and
otherwise) also insisted that all communications with Plaintiffs and the proposed Class —
including those from the nominally independent but surreptitiously controlled Association board
— be drafted or edited by Marriott personnel. As a result, these communications were improperly
and deceptively crafted to achieve the Marriott Defendants' unlawful objectives.

E.      **The MII and MVW Defendants Owe Fiduciary Duties to Plaintiffs and the
        Proposed Class**

64.     Marriott International and its subsidiaries RC Hotels VI and RC Hotels Co. and
Marriott Vacations Worldwide and its subsidiaries RC Management, Cobalt, Lion & Crown, and
MRTC were the agents for and assumed fiduciary duties to the Association, Plaintiffs, and the
proposed Class based on principles of agency law, the terms of the management agreements
described above, their almost complete control over the Association and its board, and the
separately-deeded property interests purchased by Plaintiffs. The governing documents, for
example, provided for the following instruments of control over the physical property:

Complaint
*Helman, et al. v. Marriott International, et al.*                                      Page 19 of 60

      a.     Fractional owners were not provided keys to their units. Rather, they had to check in at the front desk on each visit to obtain access.

      b.     Unlike cases in which a group of friends share a property, the fractional owners in a particular unit did not decide *when* each co-owner used the unit—Defendants controlled the reservation system governing access.

      c.     Defendants even controlled whether Plaintiffs could ever access *their particular unit*. The purchase contract ensured that they had three weeks at the Ritz-Carlton Great Bay, but the Marriott reservation system in fact determined whether an owner stayed in their chosen unit or a separate one entirely.

      d.     Defendants determined the décor and when and how the various unit would be refurbished.

      65.    In these and other ways, Marriott International, through RC Hotel Co. and RC Hotels VI, and Marriott Vacations Worldwide, through RC Management and other subsidiaries, controlled nearly all aspects of Plaintiffs' and the proposed Class' separately-deeded property interests. It is this high degree of control that gives rise to the Marriott Defendants' fiduciary obligations to Plaintiffs and the proposed Class.

      F.     **Sales of RCDC Fractionals Slow by 2010**

      66.    By 2010, sales of luxury private residence clubs had substantially slowed down from pre-recession rates. In fall 2010, Marriott International attempted to sell its RCDC business to a third party in a marketing offering led by an internationally known investment bank. On information and belief based on relatively widespread knowledge in the industry, a number of parties were interested, including Timbers Group and Discovery Land Company. During its marketing to sell RCDC to third parties, the Marriott Defendants extolled at length the value of the Ritz-Carlton brand.

      67.    It was around this time that Marriott International and its subsidiaries began converting legacy "week owners" of MVC timeshares to a "points-based product" through which purchasers bought interests in the NATO land trust set up to own the resorts and fractionals to which MVC members had access. By the end of 2011, many of MVC's 400,000-plus owners at over 50 MVC resorts worldwide were utilizing points purchased from MORI to trade for use of MVC resorts.

Complaint
*Helman, et al. v. Marriott International, et al.*                                    Page 20 of 60

G.     **The Spinoff of Marriott Vacations Worldwide from Marriott International and the "Re-Engineering" of the RCDC**

68.     In February 2011, Marriott International officially announced its plan to spin-off Marriott Vacations Worldwide as a publicly traded company. Ostensibly, Marriott Vacations Worldwide became the exclusive developer and manager of vacation ownership and related products under the Marriott brand and the exclusive developer of vacation ownership and related products under the Ritz-Carlton brand, but Marriott International retained significant control of Marriott Vacations Worldwide's operations because of licensing agreements further described below.

69.     At the same time, the Marriott Defendants abandoned efforts to sell the Ritz-Carlton Destination Club, opting instead to include it in the newly spun-out company. However, the Marriott Defendants did not plan to invest further in the RCDC luxury product line. To the contrary, a SEC filing on June 28, 2011, states:

> Given the continued weakness in the economy, particularly in the luxury real estate market, we have significantly scaled back our development of Luxury segment vacation ownership products. We do not have any Luxury segment projects under construction nor do we have any current plans for new luxury development. While we will continue to sell existing Luxury segment vacation ownership products, we also expect to evaluate opportunities for bulk sales of finished inventory and disposition of undeveloped land.

70.     Around mid-2011, a group of senior Marriott International executives that made up something called the Growth and Governance Council began plotting their specific plans for the re-engineering of the Ritz-Carlton Destination Club. After seriously considering at least one other option, this group decided to transfer unsold RCDC fractional inventory to the NATO land trust and thereby make it available to members of the Marriott Vacation Club, and then merge the Ritz-Carlton Destination Club with the Marriott Vacation Club. They knew that doing so would allow the Marriott Defendants to sell more MVC points at higher prices because giving MVC members access to luxury Ritz-Carlton Destination Clubs would enhance Marriott Vacation Club's attractiveness.